## HENRY BATES v. JOHN NELSON.

*Estrays in public places—Titles of statutes.*

Act 248 of 1879 "to prevent animals from running at large," provides that they may be impounded if they do so "in any public street, lane, alley, park, place, or highway," etc. *Held,* that when estrays have been caught trespassing on private property without having escaped thereto from some public place, they cannot be impounded

under this Act, which is distinct from the general law for distrain-
ing beasts doing damage.

The operation of a statute cannot go beyond the purpose expressed in
the title.

Case made after judgment from Saginaw. Submitted
October 17. Decided October 31.

REPLEVIN. Defendant had judgment. Reversed.

*Edget & Brooks* for plaintiff.

*O. F. Wisner* for defendant.

GRAVES, C. J. Several horses of the plaintiff were being
pastured just outside of East Saginaw. They broke out of
the field and into one adjoining and from thence into prem-
ises situated within the city and owned and occupied by one
Kelmer. While they were so trespassing on his premises
he took them into custody and with the aid of defendant,
who is city pound-master, had them impounded in the city
pound. The plaintiff replevied them under the statute,
Comp. L. ch. 214. The defendant relied on his right to
hold them under Act 248 of the session of 1879 (Pub. Acts
1879, p. 251) for his fees,—the amount being admitted to
be correct,—and the only question was whether the horses
were liable to be impounded under that act.

It was the opinion of the circuit judge that for the pur-
pose of a valid arrest and impounding under this statute, in
the case of a private trespass, it was not essential that the
animals should have been preliminarily at large in any of
the public places specified in the first section,* and in his
view the circumstance that these horses had not been so at

---

* SECTION 1. *The People of the State of Michigan enact*, That it shall
not be lawful for any cattle, horses, mules, sheep, swine, or goats to run
at large in any public street, lane, alley, park, place, or highway in any
city or village within this State having a population of seven thousand,
or more inhabitants; and it shall be the duty of every commissioner of
highways, pound-master, marshal, deputy marshal, policeman, and con-
stable of any such city or village to seize and take into his possession as
herein provided, and keep until disposed of according to law, any ani-
mal so found running at large: *Provided*, The city of Ludington be
exempt from the operations of this act.

large was unimportant. That they were found trespassing on Kelmer was considered sufficient to warrant their arrest and impounding under this statute, and he so advised the jury and they accordingly found for the defendant.

The Act of 1879 steers clear of the provisions of Comp. L. ch. 214, for distraining beasts doing damage, and is a piece of additional legislation. Those provisions of the Compiled Laws are left in full force and they apparently afford a prompt and sufficient remedy where the mischief is nothing more than a private trespass and is not colored by anything involving public considerations, and it would be difficult to discover any reason for duplicating the remedy. Yet if the construction of the circuit judge is sound the Legislature were at pains to incorporate in this statute a second and similar remedy for the same mischief. The improbability of such a design is heightened by other reasons.

The general purpose of the Act of 1879 cannot be misunderstood. The object was a public object and the endeavor was to repress the practice of allowing animals to roam at large and cause waste and disorder in the streets and public grounds and keep private premises in constant danger of injury, and the various provisions were framed with reference to the public object and in order to advance it. The notion of providing a new special method for the redress of mere private injuries was not thought of. Having forbidden the going at large of animals in public places and having provided for their arrest and detention in case of their being found at large in such places, it readily occurred that a substantial attainment of the object would require a further provision. The animals after getting at large in the public grounds might baffle arrest there or might elude it and wander or run therefrom to private holdings and hence be at once beyond the reach of lawful capture for their transgression in having been at large in a public place. To obviate this and provide for their being taken up notwithstanding their retreat from public to private grounds the provision was inserted for their seizure when found trespassing in the latter.

This was in furtherance of the public object and was not intended to meet and carry out a separate and private object. That such was the intent is the more evident when the title* is considered. It is entirely consistent with the construction here given to the statute, but is wholly inharmonious with that acted upon in the circuit court. The only object expressed is the public one. No allusion is made to a right to seize animals which have not been preliminarily at large on public grounds, and the title is repugnant to the construction to the contrary. The operation of the statute should be restricted to the object expressed in the title. *Booth v. Eddy* 38 Mich. 245 ; *Ryerson v. Utley* 16 Mich. 270.

The result is that the judgment below is wrong and should be reversed with costs and a new trial granted.

The other Justices concurred.

---

* The title of Act 248 of 1879 is "An Act to prevent animals from running at large in certain cities and villages within this State."